ON REHEARING
MANN, Judge.
Appellant asks for rehearing and, alternatively, for an opinion “so that there will be a clear basis for determining if there exists any conflict” which might warrant Supreme Court review. There is not. This is a simple case. Appellant wisely recognized that it could not argue error on the basis of testimony not transcribed, and confined its argument to the question whether appellee could take the position in one action involving this property that it was formed by accretion and, in another action, that it was not. This would be an arguable point except for the fact that the inclusion in the judgment appealed from of the finding objected to as contradictory was expressly consented to by appellant’s former counsel. The trial court’s recitation that the judgment in its entirety was consented to is perhaps erroneous, but immaterial. The judgment is supported either by testi *923 mony not transcribed or by findings of fact consented to in writing by appellant’s attorney of record. Thus we should not, and do not, reach the question which appellant seeks to argue. This question should have been preserved in the trial court, but it was not.
Rehearing denied.
HOBSON, A. C. J., and McNULTY, J., concur.